UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| v. | NO. 09-046 |
| TREG EUGENE | SECTION "F" |

ORDER AND REASONS

Before the Court are multiple requests for relief by Treg Eugene: (1) two letters stating that he was cheated out of 10 months of credit on his federal sentence, which the Court construes as motions requesting credit for jail time he has served (Rec.Docs. 290 and 312); (2) motion to reduce sentence under 18 U.S.C. § 3582, Hughes v. United States, 138 S. Ct. 1765 (2018), and the First Step Act (Rec.Doc. 291); (3) motion to vacate under 28 U.S.C. § 2255 (Rec.Doc. 292); (4) motion to appoint counsel (Rec.Doc. 294); and (5) three motions to supplement the motion to vacate (Rec.Docs. 316, 317, and 318). For the reasons that follow, the motions are DENIED.

**Background**

In August 2009, Treg Eugene pled guilty with a plea agreement to two counts of a superseding indictment: Count 4 charged

1

possession with the intent to distribute a quantity of heroin and crack cocaine and Count 5 charged possession of a firearm in furtherance of a drug trafficking crime. In December 2009, Eugene was sentenced to serve 57 months in prison as to Count 4 and 60 months as to Count 5; the sentences were ordered to run consecutively. Eugene did not file a direct appeal. Several years later, in June 2015, the Court granted Eugene's motion for reduction of sentence under 18 U.S.C. § 3582, which reduced his sentence of imprisonment as to Count 4 from 57 to 45 months.

Eugene now seeks relief from the Court. In numerous and overlapping filings, he requests credit for time served; relief under a recent "sentence reform act signed by President Trump"; he seeks what he styles as habeas relief or a sentence reduction in light of Hughes v. United States, 138 S. Ct. 1765 (2018); he seeks to amend his habeas petition to pursue relief under Rehaif v. United States, 139 S. Ct. 2191 (2019); it appears that he also seeks relief under a case argued but not yet decided by the Supreme Court, Shular v. United States, *cert. granted*, June 28, 2019, 139 S. Ct. 2773; finally, he also seeks appointment of counsel to represent him to pursue habeas relief.

I.

*A.*

The Court first takes up Eugene's contention that he was "cheated" out of 10 months of credit on his federal sentence. The Court construes his letters as motions requesting credit for jail time he has served. Because the Court lacks authority to award such credit, Eugene's requests must be denied.[1]

The term of a defendant's imprisonment is calculated as follows:

> (a) Commencement of Sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for Prior Custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or

---

[1] Insofar as he is challenging the manner in which his sentence is being executed, the proper vehicle for Eugene's requests for credit for time-served is a motion under 28 U.S.C. § 2241. Construed as such, Eugene's motion is denied as premature for failure to exhaust administrative remedies. Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). Additionally, the Court observes that the proper venue for such a challenge is the district in which the prisoner is incarcerated. Frees v. Maye, 441 Fed.Appx. 285, 286 (5th Cir. 2011). If Eugene exhausts his administrative remedies and thereafter seeks judicial review, he should file any future request for judicial review under § 2241 in the federal district in which he is incarcerated.

>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was opposed;
>
>    that has not been credited against another sentence.

18 U.S.C. § 3585.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992); see also United States v. Wynder, 659 Fed. Appx. 761, 762-63 (5th Cir. 2016)(per curiam)(citing Wilson, 503 U.S. at 334-335)("Although the statute does not explicitly say who is responsible for calculating the [§ 3585(b)] credit, controlling precedent indicates that it is the Attorney General acting through the Bureau of Prisons."); United States v. Binion, 981 F.2d 1256 (5th Cir. 1992)(unpublished, per curiam)("[D]istrict courts have no jurisdiction to grant or deny credits at sentencing. The computation of credits is wholly the function of the United States Attorney General after the defendants begin their sentences."). Accordingly, in order for a district court to have jurisdiction over a claim for time credit, the defendant first must show that he has exhausted his administrative remedies with the Bureau of Prisons. See Falcetta v. United States, 734 Fed.Appx. 286, 287 (5th Cir. 2018)(per curiam)("[D]ismissal for lack of jurisdiction

was appropriate because Falcetta failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure.").

Because the Attorney General, through the Bureau of Prisons, is responsible for administering a defendant's sentence, Eugene must direct his request to the Bureau. Only if Eugene can show that he has exhausted his administrative remedies with the BOP may he seek judicial review (in the appropriate venue) of the Bureau's time computations. See Falcetta, 734 Fed.Appx. at 287.

*B.*

Second, the Court takes up Eugene's request that the Court appoint counsel to represent him as he pursues habeas relief. Unlike defendants in criminal proceedings and prisoners directly appealing judgments in criminal cases as a matter of right, prisoners mounting collateral attacks on their convictions do not have a constitutional right to appointed counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Adeleke v. United States, 550 Fed.Appx. 237, 239 (5th Cir. 2013). The Court has discretion to appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). As examined below, Eugene has not demonstrated that his habeas petition presents issues warranting

5

appointment of counsel.[2] His request for appointment of counsel is denied.

II.

The Court next takes up Eugene's motions cast in the form of seeking a sentence reduction or relief under the "new bill called the sentence reform act" (Rec.Doc. 291) and seeking habeas relief (Rec.Doc. 292) or to "add on" to his habeas petition (Rec.Docs. 316, 317, 318). Each of these motions seeks relief from his sentence on various grounds. Construed liberally, he invokes § 3582, the First Step Act, as well as relief based on three cases.

*A.*

A motion under 18 U.S.C. § 3582 "permits the discretionary reduction of a defendant's sentence where the applicable sentencing range is later lowered by the Sentencing Commission." See United States v. Jefferson, 464 Fed.Appx. 191, 193 (5th Cir. 2010)(citing 18 U.S.C. § 3582(c)(2)).

This Court granted a prior motion for sentence reduction filed by Eugene in 2015. Even construing his current submissions liberally, it does not appear that Eugene is invoking any authority

---

[2] The main thrust of Eugene's many motions is seeking relief under the First Step Act. The Court observes that this request was looked into by an entire committee composed of an Assistant United States Attorney, an Assistant Federal Public Defender, and staff from the U.S. Probation Office.

lowering the sentencing range applicable to his offenses of conviction. The Court fails to see how § 3582(c)(2) applies to Eugene's requests. Eugene was already granted such relief and he fails to offer a new basis for awarding further relief. Likewise, insofar as Eugene invokes Hughes v. United States, 138 S. Ct. 1765 (2018), Eugene fails to indicate how Hughes applies here. There, the Supreme Court held that relief under § 3582(c)(2) should be available to defendants with binding plea agreements under Rule 11(c)(1)(C). In other words, defendants who stipulate to a particular sentence in their plea agreements with the government may still be eligible for a sentence reduction. But, here, although Eugene entered into a plea agreement with the government, his was not a Rule 11(c)(1)(C) plea deal; he did not stipulate to a particular term of imprisonment. Hughes thus has no bearing on Eugene's ability to seek a sentence reduction.[3]

There being no relief available to Eugene under § 3582(c)(2) or Hughes, the Court turns to consider the other grounds raised in his many motions. His requests for a sentence reduction seem better characterized as a request for relief under the First Step

---

[3] Some courts have examined motions under the First Step Act pursuant to 18 U.S.C. § 3582(c)(1)(B). See, e.g., United States v. Coleman, 382 F. Supp. 3d 851, 857 (E.D. Wis. 2019)(collecting First Step Act cases using 18 U.S.C. § 3582(c)(1)(B) as the procedural vehicle for motions brought under the Act).

Act, which was passed shortly before the flurry of letters and motions Eugene filed.

*B.*

A prisoner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255, claiming a right to release from custody on the ground that a sentence ordered by a federal court "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a).[4]  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless it constitutes a "fundamental" error that "renders the entire proceeding irregular and invalid."  United States v. Addonizio, 442 U.S. 178, 186 (1979).

---

[4] Section 2255 identifies only four bases that might support a motion to vacate: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose [the] sentence," (3) "the sentence . . . exce[eds] the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack."  Id.

The Court "may entertain and determine [a motion to vacate] without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(c). Having considered the record, the motion, and the government's response, the Court finds that the record is adequate to address the petitioner's claims and to dispose of them as a matter of law. Accordingly, no evidentiary hearing is necessary. See United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995) ("[I]f on th[e] record we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary . . . .").

A habeas petitioner has the burden of establishing his claims by a preponderance of the evidence. Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980) (citations omitted). If the Court finds that the petitioner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A motion to vacate filed under § 2255 is subject to a one-year limitations period, which runs from the latest of: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to filing the motion is removed; (3) when the Supreme Court initially recognized as a new right the legal

9

predicate for the motion, if that right has been made retroactively applicable to cases on collateral review; or (4) when the petitioner could have discovered, through due diligence, the factual predicate for the motion. 28 U.S.C. § 2255(f). Although the one-year limitations period does not operate as a jurisdictional bar, the Fifth Circuit cautions that equitable tolling should be applied only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Indeed, tolling is appropriate only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' of timely filing his § 2255 motion." United States v. Petty, 530 F.3d 361, 365 (5th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)).

1. First Step Act

On December 21, 2018, the First Step Act was passed. Section 404 of the Act authorizes a defendant to file a motion in his sentencing court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 [] were in effect at the time the covered offense was committed." Section 404(a) of the First Step Act made sections 2 and 3 of the Fair Sentencing Act retroactive to August 3, 2010 for covered violations of federal law that occurred prior to that date. Pursuant to Chief Judge

Brown's General Order dated January 29, 2019, Mr. Eugene's eligibility for a sentence reduction under Section 404 of the First Step Act was reviewed by the Court's "1stSA Committee."

Insofar as Eugene seeks relief under the First Step Act, habeas is not the appropriate vehicle. And the Court has already determined that that Eugene is not eligible for relief under the First Step Act: the Committee has recommended that the Court deny such relief because Eugene is not eligible. The Court agrees. See Order dtd. 2/6/20 (determining that Eugene is ineligible for a sentence reduction under the First Step Act because the defendant's offense of conviction was a drug offense involving both heroin an cocaine base, which means that the statutory penalty was not modified by the Fair Sentencing Act of 2010, and, thus, is not a "covered" offense" under Section 404(a) of the First Step Act).

2. Rehaif v. United States

Eugene requests permission to supplement his habeas petition to add a claim invoking Rehaif v. United States, 130 S. Ct. 2191 (2019). There, the Supreme Court determined that in a prosecution for 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Id. at 2194. Given Eugene's offenses of conviction -- possession with the intent to distribute a quantity of heroin and crack

cocaine and possession of a firearm in furtherance of a drug trafficking crime -- he fails to suggest how Rehaif has any bearing on his case. Even if Eugene had pled guilty to being a felon in possession of a firearm rather than or in addition to possessing a firearm in furtherance of a drug trafficking crime such that the principle underlying Rehaif had some bearing on Eugene's case,[5] Eugene fails to suggest that Rehaif announced a new rule of constitutional law made retroactive to cases on collateral review. Although the Fifth Circuit has not yet considered this issue, the Eleventh Circuit has determined that the Supreme Court did not announce a new rule of constitutional law and, even if it did, it was not made retroactive to cases on collateral review by the Supreme Court. See In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019).

    3.  United States v. Shular

Twice more, Eugene requests permission to supplement his habeas petition to seek relief under a case he identifies as "Schuller"; Eugene says he was convicted of the same 924(c) gun charge as the defendant he identifies as Schuller and that he

---

[5] Eugene argues that "Mr. Rehaif wasn't aware that he couldn't carry a conceal[ed] weapon same as I was. I wasn't a convicted felon at the time of the arrest."

should be immediately released.  Again, the Court finds that Eugene is not entitled to relief.

The Court's own research reveals a case close in name in which the Supreme Court granted a petition for writ of certiorari, Shular v. United States, *cert. granted*, June 28, 2019, 139 S. Ct. 2773. No decision has been rendered by the Supreme Court.  In United States v. Shular, 736 Fed.Appx. 876 (11th Cir. 2018), the Eleventh Circuit affirmed the district court's determination that Shular's prior state drug convictions qualified as predicate offenses for the Armed Career Criminal Act.  The district court imposed a 180-month sentence under the ACCA after Shular pled guilty to possession with the intent to distribute cocaine and cocaine base and being a felon in possession of a firearm.  Shular appealed his sentencing, arguing that his state convictions did not qualify as "serious drug offenses" under the ACCA because the Florida statute lacks a mens rea requirement.  Id. at 877.  Finding itself bound by prior panel precedent, the Eleventh Circuit rejected Shular's arguments.  The Supreme Court granted Shular's petition for writ of certiorari and is considering whether the determination of a "serious drug offense" under the ACCA requires the same categorial approach used in the determination of a "violent felony" under the Act.  But, here, Eugene does not identify prior state drug offenses that served as predicate offenses, nor does he even suggest that

his sentence was informed by the ACCA. Thus, in addition to the fact that the Supreme Court's decision has not been rendered, the issue being considered by the Supreme Court in Shular is patently academic as to Eugene.

4. No Certificate of Appealability Shall be Issued.

Rule 11 of the Rules Governing Section 2255 Proceedings states:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.

A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to obtain a certificate of appealability, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). Because Eugene's motion to vacate is untimely and he has failed to establish any cognizable claim, Eugene has not made a substantial showing of the denial of a constitutional right.

***

Accordingly, IT IS ORDERED: that Eugene's motions for time-served credit (Rec.Docs. 290, 312), motions for sentence reduction and relief under the First Step Act and Hughes (Rec.Doc. 291), habeas petition seeking relief under First Step Act (as well as credit for time served, and relief under Hughes)(Rec.Doc. 292), motions to amend habeas petition to add claims for relief under Rehaif and Shular (Rec.Docs. 316, 317, 318), and request for counsel (Rec.Doc. 294) are all DENIED. IT IS FURTHER ORDERED: that the Court will not issue a certificate of appealability.

New Orleans, Louisiana, February 6, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE